41902. TAYLOR v. CITY OF GRIFFIN.

ARGUED APRIL 5, 1966—DECIDED APRIL 21, 1966—
REHEARING DENIED MAY 4, 1966—

*Howard Moore, Jr.,* for appellant.

*Beck, Goddard, Owen & Smalley, Robert H. Smalley, Jr., William H. Beck, Jr.,* for appellee.

HALL, Judge. The defendant contends that he was denied the assistance of counsel which he had retained, in violation of his rights under the Fourteenth Amendment to the Constitution of the United States.

The record shows that the defendant was arrested on June 21, 1965, on charges of violation of the ordinances and that his case came on to be tried on June 28, 1965, when the defendant had been out on bond for five days. The trial court denied a request for continuance made on the day of the trial by an attorney whom the defendant said he wanted to represent him.

Our courts recognize the criminal defendant's constitutional rights to benefit of counsel and reasonable time to prepare his case. *Fair v. Balkcom,* 216 Ga. 721, 725 (119 SE2d 691) ; *Blake v. State,* 109 Ga. App. 636 (137 SE2d 49) ; Smart v. Balkcom, 352 F2d 502, 504 (5th Cir. 1965). These rights extend to State misdemeanor prosecutions. Harvey v. Mississippi, 340 F2d 263, 271 (5th Cir. 1965) ; McDonald v. Moore, 353 F2d 106 (5th Cir. 1965). And for the purposes of this decision we will assume, but need not decide, that they apply in prosecutions for violations of municipal ordinances.

The present record (including the untraversed answer to the petition for certiorari) shows that the court did hear counsel appearing for the defendant and making a motion for continuance, and does not show that counsel stated any ground in his request for a continuance.

Our law governing continuances has always required that a request for continuance be supported by a showing on oath of sufficient cause, that the principles of justice require a continuance of the case. *Code* § 27-2002. When it does not appear that any reason was stated to the trial court why it should not·

then proceed with the trial of the case, the judgment of the trial court in denying a requested continuance will not be reversed. *Delk v. State,* 99 Ga. 667, 671 (26 SE 752).

The record shows no facts from which we could conclude that the trial court acted contrary to law or arbitrarily in denying the continuance requested by counsel who was representing the defendant in making the request. The fact that the defendant was tried five days after his arrest does not per se show that he was deprived of the opportunity to confer with his counsel or prepare his case. Counsel for the defendant candidly states in his brief: "Admittedly, the record does not show the grounds upon which appellant's counsel moved the trial court for a continuance."

The Constitution of the United States, Amendment XIV (*Code* § 1-815) and the Constitution of the State of Georgia, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103) require that a criminal defendant be brought to trial by due process of law, in other words, "according to the law of the land." "Fundamentally it [due process of law] assures that every citizen shall have the benefit and protection of the general rules that govern society, through law in its regular course of administration through courts of justice." *Allen v. State,* 110 Ga. App. 56, 63 (137 SE2d 711). See also *Brown v. State,* 110 Ga. App. 401, 405 (138 SE2d 741). We cannot say from the record that this defendant did not have the benefit and protection of the general rules applied by our courts in the regular course of the administration of justice.

The action of the trial court was not a denial of the defendant's constitutional right to the assistance of counsel.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*