Kathleen **ALEXANDER**, Petitioner,

v.

**CITY OF ANCHORAGE**, Respondent.

No. 1373.

Supreme Court of Alaska.

Nov. 19, 1971.

---

Philip B. Byrne, Alaska Legal Services, Anchorage, for petitioner.

Victor D. Carlson and Herbert Soll, Public Defender Agency, Anchorage, amicus curiae for petitioner.

Harold W. Tobey, City Atty., John R. Spencer, Asst. City Atty., Anchorage, for respondent.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, amicus curiae for respondent.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

DIMOND, Justice.

Petitioner was arrested and charged with the offense of loitering under an ordinance of the City of Anchorage.[1] She requested the district court to appoint counsel to represent her, but the court held it had no such authority and denied her request. The superior court affirmed the district court ruling on the basis that District Court Criminal Rule 1(j) provided in misdemeanor cases that Criminal Rules 39(b) and 15(c), relating to the appointment of counsel for indigent defendants, had no application.[2]  A petition for review has

---

1. Code of Ordinances, City of Anchorage, § 15–1(h) provided in part as follows:
   It shall be unlawful for any person to:
   \*     \*     \*     \*     \*
   (h) Loiter or prowl in a place, at a time, or in a manner, and under circumstances that manifest an unlawful purpose or warrant alarm for the safety of persons or property in the vicinity
   \*   \*   \*.

2. District Ct.Crim.R. 1(j) provides in part:
   (j) *Rules Inapplicable in Misdemeanor Cases*.  In a misdemeanor case the provisions of the following Rules of Criminal Procedure shall not apply:
   Rule 5, relating to preliminary examination,
   Rule 32(c), relating to pre-sentence investigation,

Rule 39(b) and 15(c), with respect to appointment of counsel for indigent defendants.

Crim.Rules 15(c) and 39(b) provide, respectively, as follows:

15(c) *Defendant's Counsel and Payment of Expenses*.  If a defendant is without counsel the court shall advise him of his right and assign counsel to represent him unless the defendant elects to proceed without counsel or is able to obtain counsel.  If it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof the court may direct that all expenses of travel and subsistance of the defendant's attorney for attendance at the examination shall be paid by the state.  In that event payment shall be made accordingly.

been filed in this court, and all proceedings in the district court have been stayed by order of this court pending the disposition of the petition.

■ We grant the petition for review in our discretionary authority to do so under Supreme Court Rules 23 and 24. The general rule is that appeals may be taken to this court from final judgments of the superior court.[3] If that rule were strictly adhered to we would not now pass upon petitioner's claim that she is entitled to the appointment of counsel, but would do so only after she had been tried and convicted of the offense with which she is charged. But there are substantial reasons for deviating from that general policy in this case. Supreme Court Rule 23(e) permits one to seek review of an interlocutory order

> [w]here postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right * * *.

If petitioner has a legal right to have the assistance of counsel for her defense in this case, such right will have been impaired and injustice might well result if she were forced to go to trial without counsel and were convicted.

■ Supreme Court Rule 24 also comes into play. It provides in part that review will be granted

> (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court * * *.

What we are dealing with here is a constitutional safeguard—the claimed right of an accused to have the assistance of counsel for her defense. If petitioner is correct in her contention that such right extends to prosecution for a criminal misdemeanor, the order denying the right to counsel is of substance and importance because it would be unjust to put petitioner to the tribulations of a criminal trial and possible conviction without the valuable assistance that could be given her by trained counsel. A ruling by this court on this point is so crucial to the proper administration of criminal justice that this is an appropriate instance for the exercise of our discretionary review jurisdiction.[4]

In Baker v. City of Fairbanks [5] we held that in any criminal prosecution the accused, upon demand, is entitled to a jury trial.[6] We defined "criminal prosecution" as including "any offense a direct penalty for which may be incarceration in a jail or penal institution."[7] We also included

3. Supreme Ct.R. 6 provides:
   *What May be Appealed.* An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or on the ground that the sentence is too lenient. *See* City of Fairbanks v. Schaible, 352 P.2d 129 (Alaska 1960).

4. State v. Browder, 486 P.2d 925, 931–932 (Alaska 1971).

5. 471 P.2d 386 (Alaska 1970).

6. *Id.* at 401.

7. *Id.* at 402.

39(b) *Appointment of Counsel for Persons Financially Unable to Employ Counsel.* If the defendant states that he desires the aid of counsel and that he is financially unable to employ counsel, the court shall conduct the examination and make the determination provided for in (c) of this rule. If the court determines that the defendant is in fact financially unable to employ counsel and that he is entitled to have counsel provided at public expense, the court shall appoint counsel to represent him. Counsel so appointed shall be allowed such fees for their services as are provided for pursuant to Rule 15, Rules Governing Administration of All Courts. In the absence of a request by the defendant, the court in its discretion may appoint counsel when it deems it in the best interests of justice to do so.

in the definition of that term offenses which may result in the loss of a valuable license [8] and offenses where a heavy enough fine is imposed so as to indicate criminality because such a fine could be taken as a gauge of the ethical and social judgments of the community.[9]

■ The term "criminal prosecution", as used in *Baker,* is taken from article I, section 11 of the Alaska constitution which guarantees to one in a criminal prosecution the right to a trial by jury. But that same section of the constitution also guarantees to the accused in a criminal prosecution the right to have the assistance of counsel for his defense.[10] We can see no justifiable reason for defining "criminal prosecution" any differently in relation to the right to the assistance of counsel than we have defined it in relation to the right to trial by jury. Consequently, we hold that in any criminal prosecution, as we have defined that term in *Baker,* the accused shall have the right to be represented by counsel. This means that he has the right to the assistance of counsel for his defense if he is prosecuted for a misdemeanor, as well as for a felony, when the penalty upon conviction of the misdemeanor may result in incarceration in a jail or penal institution, the loss of a valuable license, or a fine so heavy so as to indicate criminality.

To be assisted by counsel in a criminal action is not merely desirable. It is a valuable right. Nearly 40 years ago the United States Supreme Court, in speaking of this right as guaranteed by the sixth amendment to the federal constitution,[11] had this to say:

The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.[12]

The right to the assistance of counsel means, of course, that an accused who can afford it may employ an attorney to represent him in a criminal prosecution. But it means more than that. The constitutional guarantee would have little meaning if it did not also encompass the right of the poor person to have counsel appointed at public expense to represent him in a criminal action when he could not afford to hire a lawyer. The United States Supreme Court

---

8. *Id.*

9. *Id.* at 402, n. 29.

10. Alaska Const. art. I, § 11 provides:
    *Rights of Accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be

confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

11. The sixth amendment to the United States Constitution provides in part:
    In all criminal prosecutions, the accused shall enjoy the right · * * * to have the Assistance of Counsel for his defense.

12. Powell v. Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (1932).

recognized this fact in 1963 in Gideon v. Wainwright.[13] The court stated there:

> [R]eason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth. Governments, both state and federal, quite properly spend vast sums of money to establish machinery to try defendants accused of crime. Lawyers to prosecute are everywhere deemed essential to protect the public's interest in an orderly society. Similarly, there are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses. That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries. The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him.[14]

Gideon dealt with a felony, and therefore did not necessarily lay down a rule to cover a misdemeanor prosecution. In fact, subsequent decisions of the United States Supreme Court seem to have limited the rule in *Gideon* to felony prosecutions. For example, in Mempa v. Rhay, 389 U.S. 128, 134,

88 S.Ct. 254, 256, 19 L.Ed.2d 336, 340 (1967), the court stated that *Gideon* established "[the] right to appointment of counsel in felony cases." In Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319, 324 (1967), it was noted that *Gideon* made it "unconstitutional to try a person for a felony in a state court" without providing counsel. And in the case of In re Gault, 387 U.S. 1, 29, 87 S.Ct. 1428, 1444, 18 L.Ed.2d 527, 547 (1967), the court remarked that the juvenile involved in the case, had he been an adult, would have been entitled to the appointment of counsel "at least if a felony were involved."

On the other hand, the United States Supreme Court has taken other action indicating the right of indigents to be represented by counsel in other than felony cases. In promulgating the rules of procedure for the trial of minor offenses before United States Magistrates the United States Supreme Court has provided that on the trial of a minor offense, other than a petty offense, it is the duty of the magistrate, when the defendant makes his appearance, to inform the defendant "of his right to retain counsel" and "of his right to request the assignment of counsel if he is unable to obtain counsel." [15]

In contrast, where petty offenses, as distinguished from minor offenses, are concerned, the magistrate need only advise the defendant "of his right to counsel" and not of his right to request the assignment of counsel if he is unable to obtain counsel.[16]

Whatever distinction the Supreme Court of the United States intended to make between minor and petty offenses, it seems clear enough that that court has not yet extended the right to assigned counsel for indigent defendants in all types of criminal prosecutions. But this does not preclude us from acting in this field in interpreting our own constitutional provisions guaranteeing the assistance of counsel for an accused's

---

13. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

14. *Id.* at 344, 83 S.Ct. at 796, 9 L.Ed.2d at 805 (1963).

15. 51 F.R.D. 197, 201 (1971).

16. *Id.* at 202.

defense in all criminal prosecutions. As we stated in Baker v. City of Fairbanks:[17]

> The mere fact, however, that the United States Supreme Court has not extended the right to jury trial to all types of offenses does not preclude us from acting in this field. While we must enforce the minimum constitutional standards imposed upon us by the United States Supreme Court's interpretation of the Fourteenth Amendment, we are free, and we are under a duty, to develop additional constitutional rights and privileges under our Alaska Constitution if we find such fundamental rights and privileges to be within the intention and spirit of our local constitutional language and to be necessary for the kind of civilized life and ordered liberty which is at the core of our constitutional heritage. We need not stand by idly and impassively, waiting for constitutional direction from the highest court of the land. Instead, we should be moving concurrently to develop and expound the principles embedded in our constitutional law. [Footnotes omitted.][18]

██ As we did in *Baker*, in extending the right to trial by jury under article I, section 11 of the Alaska constitution, we here define the term "criminal prosecution", as it relates to the right to have the assistance of counsel, as including any offense a direct penalty for which may be incarceration in a jail or penal institution, which may result in the loss of a valuable license, or which may result in a heavy enough fine to indicate criminality. We further hold, in conformity with well reasoned opinions of other jurisdictions,[19] that such right to the assistance of counsel means that counsel must be appointed at public expense to a misdemeanor defendant who is indigent and too poor to have his own lawyer. In Nichols v. State,[20] which dealt with post-conviction right to counsel, Justice Rabinowitz noted in his concurring opinion that denial would be "fundamentally unfair and violative of the due process clause of article I, section 7 of the Alaska constitution."[21] The nature of the injustice is no different where counsel is denied to an indigent defendant in a misdemeanor case within the category of a "criminal prosecution," as we have defined it. Of necessity, our decision in this case means that District Court Criminal Rule 1(j) has no application so far as it excludes from the Criminal Rules of the District

17. 471 P.2d 386 (Alaska 1970).

18. *Id.* at 401–402. *See also* Whitton v. State, 479 P.2d 302, 309 (Alaska 1970); Roberts v. State, 458 P.2d 340, 342 (Alaska 1969).

19. James v. Headley, 410 F.2d 325 (5th Cir. 1969); Marston v. Oliver, 324 F.Supp. 691 (E.D.Va.1971); Arbo v. Hegstrom, 261 F.Supp. 397 (D.Conn.1966); Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971); Wright v. Denato, Iowa, 178 N.W.2d 339 (1971); State ex rel. Moats v. Janco, W.Va., 180 S.E.2d 74 (1971); Application of Stevenson, 254 Or. 94, 458 P.2d 414 (1968); In re Smiley, 66 Cal.2d 606, 58 Cal.Rptr. 579, 427 P.2d 179 (1967); State v. Borst, 278 Minn. 388, 154 N.W.2d 888 (1967); People v. Mallory, 378 Mich. 538, 147 N.W.2d 66 (1967); People v. Fletcher, 74 Ill.App.2d 387, 220 N.E.2d 70 (1966); City of Tacoma v. Heater, 67 Wash.2d 733, 409 P.2d 867 (1966); Taylor v. City of Griffin, 113 Ga.App. 589, 149 S.E.2d 177 (1966); Hunter v. State, 288 P.

2d 425 (Okl.Cr.1955); Bolkavoc v. State, 229 Ind. 294, 98 N.E.2d 250 (1951); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (1942).

On February 23, 1971 the United States Supreme Court granted certiorari to review State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (1970) where the Florida Supreme Court held that an indigent defendant charged with an offense punishable by not more than six months imprisonment was not entitled to assigned counsel. 401 U.S. 908, 91 S.Ct. 887, 27 L.Ed. 2d 805 (1971).

For representative statutes, *see*, *e. g.*, New Hampshire Rev.Stat.Annot., chapter 604–A:2 (Supp.1969); Vernon's Ann. Texas Code of Crim. Procedure, art. 26.04 (1966).

20. 425 P.2d 247 (Alaska 1967).

21. *Id.* at 256. Alaska Const. art. I, § 7 provides in part:
   No person shall be deprived of life, liberty, or property, without due process of law.

Court the Superior Court Criminal Rules 15(c) and 39(b).

It remains for us to determine what we mean by "public expense" when we speak of counsel for indigent defendants in misdemeanor cases that come within the constitutional category of criminal prosecutions. AS 18.85.100 provides that indigents being detained for or charged with "serious crimes" are eligible for representation by the Public Defender. AS 18.85.170(5) defines a "serious crime" to include a "criminal matter in which a person is entitled to representation by an attorney under the Constitution of the State of Alaska or the United States Constitution." Since we have held that an indigent defendant is entitled to representation by counsel when prosecuted for an offense the direct penalty for which may be incarceration, loss of a valuable license, or a fine heavy enough to indicate criminality, it follows that any such offense is a serious matter and a "serious crime" within the meaning of the Public Defender statute. Therefore, a defendant charged with any such misdemeanor who cannot afford to hire his own lawyer is eligible for representation by the Public Defender.

Who pays the costs of representation by counsel is still another matter. AS 22.15.270 requires that any fines resulting from violations of ordinances of political subdivisions be paid to the political subdivision, in return for which the subdivision shall pay the state for the judicial services rendered. Based upon this statute, most of the major political subdivisions of the state have entered into contractual arrangements with the Alsaka Court System whereby the political subdivision has agreed to pay the salaries of the district judges, and all other costs of running the courts which are attributable to prosecutions initiated by the political subdivision. Since the cost of providing counsel seems indistinguishable from the cost of providing these judicial services, it should be treated in the same way and fall, in cases such as the present, upon the City of Anchorage.

The order of the superior court, which affirmed the district court order denying the motion for appointment of counsel for petitioner, is reversed.