**Douglas D. McKENZIE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2012.**

Supreme Court of Alaska.

April 12, 1974.

Herbert D. Soll, Public Defender, Douglas J. Serdahely, Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, ERWIN, BOOCHEVER and FITZGERALD, Justices, and DIMOND, Justice Pro Tem.

OPINION

PER CURIAM.

Following a trial in District Court before Judge John Mason, Douglas D. McKenzie, the appellant, was found guilty of negligent driving.[1]

The court was informed prior to the imposition of sentence that since 1951 appellant had been convicted 11 times of various violations of the traffic statutes or regulations. Of the eleven convictions, six were equipment violations and the remaining five were moving offenses. The moving offenses included a conviction for driving too fast under existing conditions, a conviction for failure to maintain a safe distance, a conviction for failure to heed a stop sign, and on two occasions convictions involving excessive speed.

During the sentencing proceedings, the district attorney asked the court to impose a $100 fine and either to restrict McKenzie's driving privilege for 90 days or to suspend it entirely for 30 days. Appellant's counsel objected to any restriction or loss of McKenzie's driving privilege and suggested to the court that a fine of $75 would be appropriate.

1. AS 28.35.040(b).

The trial judge stated that he would disregard McKenzie's six equipment violations in determining the sentence but would take into consideration the five moving violations. In the sentencing proceedings McKenzie's counsel advised the court that McKenzie had sufficient funds to employ an attorney to contest three of the five moving violations. As to these violations appellant's counsel conceded that since McKenzie was able to employ counsel, the violations might be considered by the court. Appellant's counsel objected, however, to the court recognizing the other two moving violations because McKenzie was unable to afford counsel in defense of them. The trial judge overruled defense counsel and considered all five moving violations in imposing a fine of $100. McKenzie promptly appealed to the superior court, which affirmed. This court held in Alexander v. City of Anchorage, 490 P.2d 910 (Alaska 1971) that in misdemeanor cases where a penalty of incarceration, loss of valuable license or a heavy fine might be imposed upon conviction, a serious offense was involved which required appointment of counsel for indigent defendants. In this appeal we are asked to apply *Alexander* retroactively to violations of traffic regulations.

We discussed in Rutherford v. State, 486 P.2d 946 (Alaska 1971) the criteria leading to resolution of retroactivity issues. The criteria include:

. . . (a) the purpose to be served by the new standards; (b) the extent of the reliance by law enforcement authorities on the old standards; and (c) the effect on the administration of justice of a retroactive application of the new standards.[2]

Although in the present case substantial impact upon the administration of justice might result if we were to apply *Alexander* retroactively to prior traffic offenses,[3] we do not reach the question. This is so because we are satisfied on the basis of the record in this case that the judgment of the district court should be affirmed. The trial judge did not restrict or suspend the defendant's license. The fine which he imposed amounted to no more than $25 above that suggested by appellant's counsel. Moreover, it was conceded in the sentencing proceedings that of the five moving violations which were taken into consideration by the district court, three might properly be considered. Under these circumstances, any error which might have occurred by reason of the trial court's consideration of the uncounseled moving violations was harmless.[4]

Affirmed.

CONNOR, J., not participating.

---

**2.** Rutherford v. State, 486 P.2d at 952, *quoting*, Judd v. State, 482 P.2d 273, 278 (Alaska 1971) (footnote omitted).

**3.** In a similar case, the United States Court of Appeals for the Fourth Circuit in Marston v. Oliver, 485 F.2d 705, 708 (4th Cir. 1973) refused to apply Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) retroactively to collateral consequences of a civil character, such as the loss of a driver's license, as a result of an uncounseled misdemeanor conviction:

But if *Argersinger* applied retroactively, is to open up traffic convictions terminated

by service of sentence—which is the situation here—to attack for the sole, collateral purpose of providing a basis for invalidating a revocation or suspension of a driver's license, then the entire administrative procedure . . . will be caught up in an impossible net of repetitive prosecutions, imposing an intolerable burden on traffic courts, if offending drivers are not to be turned loose upon the highways.

**4.** Burford v. State, 515 P.2d 382 (Alaska 1973).