ALASKA PUBLIC DEFENDER AGENCY, JUNEAU OFFICE, Petitioner,

v.

SUPERIOR COURT OF the State of Alaska, FIRST JUDICIAL DISTRICT AT JUNEAU, Respondent.

No. 3842.

Supreme Court of Alaska.

Sept. 29, 1978.

Walter Share, Asst. Public Defender and Brian Shortell, Public Defender, Anchorage, for petitioner.

Patrick J. Gullufsen, Asst. Atty. Gen., Daniel W. Hickey, Chief Pros., and Avrum M. Gross, Atty. Gen., Juneau, for respondent.

Donna F. Page, Asst. City/Borough Atty., Juneau, filed opposition on behalf of City & Borough of Juneau.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Senior Justice.

## OPINION

DIMOND, Senior Justice.

The issue here is whether the Alaska Public Defender Agency had the authority to represent a person who was accused of violating subsection (2) of a Juneau municipal ordinance relating to the offense of harassment.[1] The district and superior courts decided such authority was lacking, and the person accused of the offense then went to trial in the district court without being represented by counsel. His request for representation by the Agency was denied by both the district and superior

---

1. Ordinance No. 42.20.110 of the City and Borough of Juneau provides:

   HARASSMENT. It is unlawful for a person with purpose to harass another, to: . . .

   (2) Insult, taunt, or challenge another in a manner likely to provoke violent or disorderly response; . . .

courts. He was convicted, and no appeal was taken.

The Attorney General and counsel for the Municipality of Juneau contend that the issue, attempted to be raised by the Alaska Public Defender Agency in this court, could only have been raised by the person convicted of the offense, and since he did not appeal, the question of whether he was entitled to Agency representation is not properly before this court. To put it another way, the argument made by the Attorney General and municipal counsel is that the Agency has no standing to maintain this proceeding.

In *Coghill v. Boucher*, 511 P.2d 1297, 1303 (Alaska 1973), we stated:

> The trend of federal and state authorities on the question of standing over recent years has been toward the emasculation of restrictive, exclusionary requirements and increased accessibility to judicial forms . . . . [Thus], this court has departed from a restrictive interpretation of the standing requirement.

But we did not abandon the requirement of standing. In decisions following *Coghill*, we held that there would have to exist adversity[2] in a proceeding in court which is capable of judicial resolution, that this is the essence of the requirement that a party have standing to invoke the judicial power, and that the question as to whether the necessary adversity exists would be decided by the court in the exercise of an appropriate rule of judicial self-restraint.[3] As we stated in *Moore v. State*, 553 P.2d 8, 23–24 n. 25 (Alaska 1976):

> [T]he only relevant inquiry in determining questions of standing is adversity, . . . Since the requirement of adver-

sity has no constitutional base in Alaska, our requirement that it exist must be characterized as a judicial rule of self-restraint—as must the entire doctrine of standing itself. We adhere to this rule because the very nature of our judicial system renders it incapable of resolving abstract questions or of issuing advisory opinions which can be of any genuine value. The adversity requirement ensures that a question presented for our review is one that is appropriate for judicial determination. [citations omitted]

▮ The adversity requirement is satisfied here. The Alaska Public Defender Agency is an agency of the executive branch of our government.[4] The statute provides that indigents being detained or charged with serious crimes are entitled to representation by the Public Defender.[5] This statute places an obligation on the Public Defender Agency to represent such indigent persons.[6] Moreover, the issue was presented to the court below and in this court as a specific question of right to representation of a particular individual charged with a designated offense. Thus, we are not confronted with an abstract question or a request for an advisory opinion.

The judicial branch of our government, represented by the district and superior courts in the First Judicial District, has prohibited the Agency from exercising its obligation by holding that an indigent defendant, charged with violating the Juneau municipal ordinance relating to harassment, is not entitled to representation by the Agency. This obviously creates a conflict between the judicial and executive branches.[7] It is only appropriate in these circum-

---

2. The ordinary dictionary meaning of the word "adversity" is hardship or misfortune. But as used in the legal sense, "adversity" connotes opposition or conflict. Black's Law Dictionary at 73 (4th ed. 1951).

3. *Falcon v. Alaska Public Offices Commission*, 570 P.2d 469, 474–75 (Alaska 1977).

4. AS 18.85.010 provides:
   There is created in the Office of the Governor a public defender agency to serve the needs of indigent defendants.

5. AS 18.85.100.

6. *See Alexander v. City of Anchorage*, 490 P.2d 910, 916 (Alaska 1971).

7. *See Public Defender Agency v. Superior Court, Third Jud. Dist.*, 534 P.2d 947 (Alaska 1975). This case involved a conflict between the Alaska Public Defender Agency and the Superior Court as to the obligation of the Agency to represent indigent defendants in child support cases.

stances that the supreme court, the "highest court of the state, with final appellate jurisdiction," [Alaska Const., art. IV, § 2(a)] should render a final decision resolving such conflict or adversity.

The Agency has standing to bring this proceeding in the nature of an application for original relief to this court[8] for a determination of the question involved. It has a real and identifiable interest in seeking relief from a lower court determination that has denied the Agency what it, in good faith, considers to be its obligation to represent an indigent defendant charged with committing a serious crime. The Agency's interest certainly cannot be characterized as "minute, indeterminable, remote, fluctuating or uncertain."[9] The Agency has a substantial interest in seeking a final judicial determination relating to the boundaries and scope of its statutory duty to represent indigent defendants charged with serious crimes. The case has not been presented as an abstract question, but involves an identified person charged with a specific crime.

The principal question to be decided here is whether the offense of "harassment," as defined in the Juneau municipal ordinance, is a "serious crime," within the meaning of AS 18.85.170(5). That statute, which deals with the Public Defender Agency, defines the term "serious crime" to include a "criminal matter in which a person is entitled to representation by an attorney under the Constitution of the State of Alaska or the United States Constitution."

■ *Alexander v. City of Anchorage,* 490 P.2d 910 (Alaska 1971), dealt with the right of an accused to be represented by counsel in non-felony criminal prosecutions. There we stated that the term "serious offense," within the meaning of the Public Defender

Agency statute, encompassed any offense, the direct penalty for which may result (1) in incarceration, (2) in the loss of a valuable license, or (3) in a fine heavy enough to indicate criminality.[10] We held that an indigent defendant, when charged with any such offense, was not only entitled to be represented by counsel, but specifically, by the Public Defender Agency.

■ These categories of offenses, where the right to assistance of counsel is required, were adopted from *Baker v. City of Fairbanks,* 471 P.2d 386 (Alaska 1970), where we had held that in like situations, the accused was entitled to a trial by jury. In effect, our holding in *Alexander,* being based upon *Baker,* means that whenever an accused is entitled to a jury trial in a criminal prosecution under *Baker,* he is likewise entitled to the assistance of counsel to be furnished by the Public Defender Agency if he is unable to afford to hire his own lawyer.

In the *Baker* case, there was involved a City of Fairbanks ordinance dealing with assault. The maximum punishment for violation of that ordinance was a fine of not more than $600, or imprisonment for not more than 60 days, or both such fine and imprisonment. We held that Baker, charged with assault under this ordinance, was subject to a "criminal prosecution" within the meaning of that term under art. I, § 11 of the Alaska Constitution[11] and thus was entitled to a trial by jury. In summary, we stated:

> In extending the right to jury trial, we define the category of "criminal" prosecutions as including any offense a direct penalty for which may be incarceration in a jail or penal institution. It also in-

---

8. Appellate Rule 25 provides in pertinent part:
   The granting by this court or a justice thereof on original application of relief heretofore available by writs authorized by law, is not a matter of right but of sound discretion sparingly exercised  . . . .

9. *Wagstaff v. Superior Court, Family Court Div.,* 535 P.2d 1220, 1225 (Alaska 1975).

10. *Alexander v. City of Anchorage, supra,* at 915.

11. Art. I, § 11 of the Alaska Const. provides in part:
    In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury  . . . .

cludes offenses which may result in the loss of a valuable license, such as a driver's license or a license to pursue a common calling, occupation, or business. It must also include offenses which, even if incarceration is not a possible punishment, still connote criminal conduct in the traditional sense of the term. *Id.* at 402 (footnote omitted)

With respect to fines, we stated:

A heavy enough fine might also indicate criminality because it can be taken as a gauge of the ethical and social judgments of the community. *Id.* at 402 n. 29.

■ In the case at hand, the defendant who requested and was refused representation by counsel by the Public Defender Agency was charged with a violation of subsection (2) of Juneau's Ordinance 42.20.-110, which provides:

*HARASSMENT.* It is unlawful for a person with purpose to harass another, to: . . . (2) Insult, taunt, or challenge another in a manner likely to provoke violent or disorderly response; . .

No provision is made for imprisonment for a violation of this ordinance. The maximum punishment is a $100 fine. We cannot say that such a sanction "can be taken as a gauge of the ethical and social judgments of the community" so as to indicate criminality with the resulting right to a trial by jury. *Baker v. City of Fairbanks, supra* at 402 n. 29. This is so because in this modern day of constantly rising inflation and devaluation of the dollar, a fine of $100 does not in itself reflect society's intent to impose substantial punishment for a violation of the ordinance we are considering.

In *Baker,* we also referred to those offenses which "connote criminal conduct in the traditional sense of the term." *Baker, supra* at 402. The offense we are considering here is not of this kind. The Agency has not shown that the offense of taunting, challenging, or insulting a person in a man-ner likely to provoke violent or disorderly conduct is traditional in the sense that social condemnation of such behavior has been long established as part of the common law proscribing criminal conduct.

Nor does it appear that "contemporary social values" [12] are so offended by the conduct we are considering that prosecution for violation of the ordinance is "criminal" for purposes of the right to a jury trial and a concomitant right to be represented by counsel. The offense that took place in this case consisted of the use of obscenities by the defendant directed at police officers, who then arrested him. Contemporary social values, as we observe them today, do not place so much public opprobrium on those who use coarse and abusive language to emphasize their feelings, as to cause such offensive and ill-mannered conduct to connote criminality in the constitutional sense relating to the right to jury trial and the right to representation by counsel.[13]

The relief sought here by the Public Defender Agency is a judicial determination of the Agency's right to represent an indigent defendant charged with a violation of § 42.20.110 of the ordinances of the Municipality of Juneau, relating to the offense of harassment. That relief is denied. The decision of the superior court to that effect is affirmed.

BURKE, J., dissents in part.

MATTHEWS, J., not participating.

BURKE, Justice, dissenting in part.

I disagree with the majority's conclusion that the Alaska Public Defender Agency has standing to maintain the present application.

Following his arraignment in the district court, the defendant contacted the Alaska Public Defender Agency to ask for the assistance of counsel. He was informed that the agency could not represent him unless appointed to do so by the district court.

---

**12.** *State v. Browder,* 486 P.2d 925, 936 (Alaska 1971).

**13.** Of course, if punishment for violation of this ordinance consisted of imprisonment or a heavy enough fine to indicate criminality, the result would be different.

When that court refused his request for appointed counsel, he again contacted the Public Defender Agency to ask for its assistance. Once more he was informed that the agency could not represent him without a court appointment, and it was suggested to him that he write to the superior court. Thus, it is clear that the agency was aware of the charge against the defendant and of his desire to be represented by one of its attorneys. Having made no effort to appear on his behalf in the court below, I think the agency is without standing to maintain the present application.

Otherwise, I concur.