STATE of Alaska, Petitioner,

v.

DISTRICT COURT, Respondent.

No. A-6022.

Court of Appeals of Alaska.

Dec. 6, 1996.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Nancy Shaw, Anchorage, for Respondent.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

With a few exceptions not relevant here, Alaska law forbids people under the age of 21 from drinking or possessing alcoholic beverages. AS 4.16.050(a). If a person between the ages of 13 and 17 is convicted of this offense, the sentencing court must revoke their driver's license (or revoke their privilege to obtain a license, if they do not yet have one). AS 28.15.185(a)-(b). The question presented in this appeal is whether, because the offense carries this penalty, minors charged with under-age drinking or possession of alcohol are entitled to a jury trial and to court-appointed counsel if they are indigent. Based on our supreme court's decision in *Baker v. Fairbanks*, 471 P.2d 386 (Alaska 1970), we hold that minors charged with this offense are entitled to a jury trial and to court-appointed counsel.

In *Baker*, the supreme court defined the categories of cases that qualify as "criminal prosecutions" for purposes of applying the right to jury trial under Article I, Section 11 of the Alaska Constitution.[1] The court stated, in pertinent part:

In extending the right to jury trial, we define the category of "criminal" prosecutions as including any offense [which carries] a direct penalty [of] incarceration in a jail or penal institution. [This category] also includes offenses which may result in the loss of a valuable license, such as a driver's license or a license to pursue a common calling, occupation, or business.

*Baker*, 471 P.2d at 402. Thus, *Baker* apparently requires a jury trial in any criminal case in which the defendant could lose their driver's license.

The State argues that *Baker* should not be interpreted literally. The State points out that the supreme court has repeatedly held that there is no right to a jury trial in administrative hearings which might result in loss of a valuable license. *See Alaska Board of Fish and Game v. Loesche*, 537 P.2d 1122,

1125 (Alaska 1975) (loss of license to guide hunts); *In re Cornelius*, 520 P.2d 76, 83 (Alaska 1974) (loss of license to practice law). However, *Loesche* and *Cornelius* dealt with administrative proceedings conducted by regulatory bodies. The task of those regulatory bodies is to oversee and police a particular business or occupation, not to enforce the criminal law. Even when a regulatory agency takes administrative action based on a licensee's commission of a crime, this is not a "prosecution". The licensee can still be criminally prosecuted in the courts for the same conduct. *State v. Zerkel*, 900 P.2d 744 (Alaska App.1995).

We note that the Alaska statutes require the Department of Public Safety to take administrative action against the driver's license of a minor found drinking or possessing liquor. *See* AS 28.15.183–184. These provisions are, on their face, remedial measures. However, in the present appeal we are dealing with a different statute, AS 28.15.185. This statute is clearly a punitive measure: it specifies a particular punishment that a sentencing court must impose when, in court proceedings, a person is found guilty of a particular criminal offense.

The State argues that it makes essentially no difference whether a person's driver's license is taken by a sentencing court or by an administrative agency. According to the State, the rationale for imposing this sanction is the same: the minor has demonstrated unfitness to drive. Thus, the State contends, the act of revoking the minor's driver's license is "remedial", not "punitive", regardless of whether the revocation is imposed by a sentencing court or by the Department of Public Safety.

We reject the State's argument because the supreme court's holding in *Baker* is explicitly based on the distinction between loss of a driver's license in an administrative proceeding and loss of a license as part of a criminal sentence. The court expressly stated that the right to a jury trial would apply only to criminal prosecutions, not to adminis-

---

1. Article I, Section 11 provides: "In all criminal prosecutions, the accused shall have the right to ... trial ... by an impartial jury of twelve, except that the legislature may provide for a jury

of not more than twelve nor less than six in courts not of record." (That is, in the district court.)

trative proceedings, even though both might result in the loss of a driver's license. The court distinguished administrative proceedings from criminal prosecutions because an agency's action against a license is based on "criteria other than criminality", on "considerations [apart from] guilt or innocence of crime". *Baker,* 471 P.2d at 402 n. 28.

In the present appeal, we deal with a statute that comes into play only when, and solely because, a person has been found guilty of violating a criminal statute. *Baker* holds that a person facing the loss of a valuable license under such a statute is entitled to a jury trial.

We therefore AFFIRM the decisions of the district court extending the right of jury trial to minors accused of under-age drinking or possession of alcohol. And, based on the same analysis, we AFFIRM the decisions of the district court requiring court-appointed counsel for indigents accused of this crime. *See Alexander v. Anchorage,* 490 P.2d 910, 913 (Alaska 1971) (holding that the right to counsel extends to all "criminal prosecutions" as defined in *Baker* ).