**Ben LATHAM, Petitioner,**

v.

**MUNICIPALITY OF ANCHORAGE, Respondent.**

No. A–9739.

Court of Appeals of Alaska.

Aug. 17, 2007.

No appearance for the Petitioner.

James N. Reeves, Municipal Attorney, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Ben Latham is an indigent defendant who was convicted and sentenced to jail for violat-

---

ing two Anchorage municipal ordinances. Latham filed an appeal to the superior court, but the superior court affirmed his convictions. Latham has now filed a petition for hearing, asking this Court to review the superior court's decision.

In *Alexander v. Anchorage*, 490 P.2d 910, 915–16 (Alaska 1971), our supreme court held that an indigent defendant who is prosecuted for violating a municipal ordinance is entitled to court-appointed counsel under AS 18.85.100 if the ordinance is a "serious crime"—that is, if the potential penalty for violating the ordinance includes incarceration, or a fine sufficiently large to connote criminality, or the loss of a valuable license.

Although *Alexander* dealt with a defendant who needed an attorney to represent her in the trial court, AS 18.85.100(a) also applies to defendants who are "being detained under a conviction of a serious crime"—in other words, defendants who need an attorney to pursue an appeal or, by extension, a petition for hearing under Alaska Appellate Rule 302 following an unsuccessful appeal. Thus, because Latham faced (and in fact received) jail time for violating the municipal ordinances, he is entitled to a court-appointed appellate attorney under AS 18.85.100(a) to assist him in pursuing this petition for hearing.

The problem is that the Municipality has not been able to procure an attorney to represent Latham. According to the Municipality, all of the attorneys who are normally available to take defense work in municipal criminal cases are either unavailable or unwilling to represent Latham.

The Municipality notes that it has no authority to force an attorney to take Latham's case (or any other case). The Municipality suggests that, given the "unusual situation" presented here, this Court should invoke its authority under Alaska Administrative Rule 12(e) to appoint an attorney to represent Latham in this appeal.

Alaska Administrative Rule 12(e)(1) authorizes a court to appoint an attorney for an indigent person if the court concludes that the person has a legal right to the assistance of counsel. However, by its terms, Adminis-

trative Rule 12(e)(1) applies only to cases where the appointment of counsel "is not authorized by AS 18.85.100". As we have just explained, Latham *is* entitled to counsel under AS 18.85.100. Thus, Administrative Rule 12(e)(1) does not apply here.

However, as we are about to explain, we conclude that another provision of Administrative Rule 12—subsection (b)(1)—is premised on a court's implicit authority to appoint an attorney for a defendant in Latham's situation.

*Alaska law governing the appointment of counsel for indigent defendants in municipal prosecutions*

In 1971, when our supreme court decided *Alexander*, there was one primary source for court-appointed attorneys in criminal cases: the Alaska Public Defender Agency. (If, for some reason, the Public Defender Agency could not provide the necessary attorney, AS 18.85.130(a) authorized a court to appoint a member of the private bar.)

As we explained above, the supreme court held in *Alexander v. Anchorage* that if the violation of a municipal ordinance constitutes a serious crime, an indigent defendant prosecuted for violating that ordinance is entitled to court-appointed counsel under AS 18.85.100. The supreme court further ruled that the Public Defender Agency was obliged to provide the needed defense attorney, but the municipal government was obliged to pay for the attorney's services. *Alexander*, 490 P.2d at 916.

In 1984, the legislature modified the law on this point when it enacted AS 18.85.155.[1] Subsection (a) of this statute restates the rule announced in *Alexander*—that when a municipality prosecutes an indigent defendant for a serious crime (thus triggering the right to counsel at public expense), "the municipality shall pay for the services of the attorney appointed by the court to defend the indigent person". However, subsection (b) of AS 18.85.155 gives municipal governments three ways of meeting this obligation.

---

1. *See* SLA 1984, ch. 125, § 3.

One clause of subsection (b) authorizes municipalities to adopt the method described in *Alexander*: that is, municipalities may contract with the Public Defender Agency to provide defense attorneys in municipal cases. But the other two clauses of subsection (b) offer municipalities alternative methods of providing defense services without any involvement by the Alaska Public Defender Agency. Under these provisions of the statute, a municipality may contract with private attorneys to provide criminal defense services or, alternatively, a municipality may establish its own municipal public defender agency.

The Municipality of Anchorage has chosen to meet its obligation by contracting with members of the private bar to provide criminal defense services. The problem in Latham's case is that these contracts have proved inadequate to procure an attorney for Latham.

### How Latham's case would be handled if he had been prosecuted by the State of Alaska

If Latham's case had been prosecuted by the State instead of a local government, our statutes and court rules would provide a clear solution to the problem.

AS 18.85.110(d) (the statute authorizing appointment of the Public Defender Agency) and AS 44.21.410(a)(5) (the statute authorizing the appointment of the Office of Public Advocacy in cases where the Public Defender Agency has a conflict) create a two-step procedure for obtaining an attorney to represent an indigent defendant who is being prosecuted by the State. This procedure is also described in subsection (1)(A) of Alaska Administrative Rule 12(b).

Under our statutes and rules, the Public Defender Agency has the primary responsibility for providing the defense attorney. If the Public Defender Agency has a conflict that prevents it from providing the defense attorney, the Office of Public Advocacy has the backup responsibility for providing the attorney—either from among the Office's salaried attorneys, or from among its contract attorneys.

Even though our statutes do not speak of it, there is one more potential step in this process—the third (and least used) step set forth in subsection (1)(B) of Administrative Rule 12(b). This subsection of Administrative Rule 12(b) describes the procedure for cases where the two statutory steps prove inadequate—that is, cases where neither the Public Defender Agency nor the Office of Public Advocacy can provide the needed attorney.

Administrative Rule 12(b)(1)(B) declares that, as a last resort, the Office of Public Advocacy can petition the court to appoint an attorney. The rule requires the Office of Public Advocacy to demonstrate "that it is unable to provide [the necessary] counsel either by staff or by contract", and also to "provide[ ] the court with the name or names of the attorneys who shall be appointed in that particular case".

(The rule further provides that the Office of Public Advocacy "shall be responsible for compensating [the] attorney appointed under this [procedure].")

### How this law relates to Latham's case

Latham is being prosecuted by the Municipality of Anchorage, and the Municipality has opted under AS 18.85.155(b) to provide defense services by contracting with members of the private bar. Because the Municipality of Anchorage has chosen this option, the Public Defender Agency and (by extension) the Office of Public Advocacy are not involved in providing defense attorneys in criminal cases prosecuted by the Municipality. Seemingly, then, the attorney-appointment procedures described in Administrative Rule 12(b) would have no application to Latham's case. Nevertheless, we conclude that subsection (1)(B) of that rule provides the answer to the problem presented here.

As we noted in the preceding section, the last-resort appointment procedure described in Rule 12(b)(1)(B) is not derived from AS 18.85 or AS 44.21.400 *et seq.* Rather, subsection (1)(B) describes an appointment procedure to be employed when the statutory appointment procedures prove inadequate. From this fact, we conclude that Administrative Rule 12(b)(1)(B) is based on a court's

common-law authority to appoint counsel to represent a criminal defendant when (1) the defendant is entitled to counsel under AS 18.85.100 but (2) the pertinent statutory appointment mechanisms fail to provide the needed attorney.

That is the situation here. Latham is indigent, and he is appealing his conviction of a "serious crime" as defined in *Alexander*. He is therefore entitled to court-appointed counsel under AS 18.85.100. The pertinent statutory mechanism for appointing Latham's attorney is the method chosen by the Municipality under AS 18.85.155(b)—to wit, the Municipality's contracts with private attorneys. And this method has proved inadequate.

Accordingly, we conclude that we can—indeed, we must—exercise our common-law authority to appoint an attorney for Latham using procedures analogous to the ones described in Administrative Rule 12(b)(1)(B).

The Municipality has already complied with the first part of Rule 12(b)(1)(B)—the part requiring a declaration that the Municipality "is unable to provide [the necessary] counsel either by staff or by contract". What remains is for the Municipality to "provide[ ] the court with the name or names of the attorneys who shall be appointed" in Latham's case.

We note that Administrative Rule 12(b)(1)(B) specifies that the Office of Public Advocacy "shall be responsible for compensating [the] attorney appointed under this [procedure]." However, we interpret this clause of the rule as simply meaning that the agency that would normally be required to pay for the defense attorney's services remains obliged to pay for those services even though the attorney is being appointed by the court.

Here, the Municipality of Anchorage would normally be required to pay for the defense attorney's services. *See* AS 18.85.155(a); *Alexander*, 490 P.2d at 916. Accordingly, the Municipality will be required to pay for the services of the attorney who is appointed to represent Latham in this case.

*Conclusion*

We remand this case to the superior court for the appointment of appellate counsel. Within 15 days of this decision, the Municipality shall submit to the superior court a list of names of attorneys who are qualified to pursue a criminal appeal and who are not, to the Municipality's knowledge, disqualified from representing Latham. The superior court shall then have 30 days to appoint an attorney to represent Latham in this appeal. The superior court is authorized to seek an extension of this deadline if necessary.

The superior court shall promptly notify this Court of the identity of the attorney who is appointed to represent Latham, and the superior court shall also direct that attorney to promptly file an entry of appearance in this Court.