John **GREGORY**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 2467.

Supreme Court of Alaska.

May 24, 1976.

---

Brian Shortell, Public Defender, Anchorage, Myron Angstman, Asst. Public Defender, Bethel, for appellant.

Avrum M. Gross, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Ivan Lawner, Asst. Dist. Atty., Anchorage, J. Randall Luffberry, Asst. Dist. Atty., Bethel, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN, and BURKE, JJ.

## OPINION

ERWIN, Justice.

The sole issue presented to this court is whether appellant John Gregory should have been permitted to withdraw his plea of guilty to the charge of operating a motor vehicle while intoxicated. Gregory contends that he did not make a knowing and intelligent waiver of his right to counsel and thus he must be allowed to withdraw his guilty plea, entered without the assistance of counsel, to "correct manifest injustice" under Criminal Rule 32(d)(1).

In the early hours of December 2, 1974, Gregory, a Bethel resident, was arrested for operating a motor vehicle while intoxicated. That afternoon he was brought before the District Court in Bethel with Magistrate Helen Edge presiding.

At the arraignment, the court began by advising Gregory of his various constitutional rights. After this advisement Magistrate Edge stated, "At this time I'm going to ask you if you had understood those rights I just got done telling you?" While the magistrate spoke English up to this point, the record reflects that she continued her inquiry in Yupik, an Eskimo dialect, by asking, "Did you understand them?" Gregory, a 40-year-old Eskimo with three years of formal education, responded in Yupik with a simple, "Yes."

After reading the complaint and discussing the potential penalties for the crime of driving while intoxicated, the court asked Gregory whether he wanted an attorney to represent him in the case. Gregory's first reply was in Yupik, and he asked, "How?" The court responded in Yupik with, "Do you wish to get help from an attorney concerning this paper or do you want to speak for yourself?" Mr. Gregory replied in Yupik, "I don't have anything to say." Apparently aware of the fact that there was a communication problem, the court continued questioning Gregory. Speaking Yupik, the court asked, "What about an attorney?" Then in English, "You wish an attorney? Could you answer me on the record so we could have it on tape?" Continuing in Yupik the court remarked, "Answer that way, shaking your head if your answer is no or nod your approval."

Gregory finally responded in Yupik, "I do not wish to have an attorney."

Upon accepting this waiver of counsel, the court asked Gregory to enter a plea. "How are you going to enter your plea on this charge?" Then in Yupik, "How are you going to answer to this charge of yours?" Speaking Yupik, Gregory responded, "Do I plead guilty?" Continuing in Yupik, the court stated, "It is your answer to say." At that point Gregory entered a plea of guilty.

After additional questioning, speaking both Yupik and English, the court sentenced Gregory to 120 days in jail with 60 days suspended, imposed a $250.00 fine and suspended the entire amount, and revoked his driver's license for one year.

Gregory subsequently secured the aid of the public defender in Bethel and appealed his conviction to the superior court, arguing that he should be allowed to withdraw his guilty plea because it was entered without the assistance of counsel. On December 20, 1974, a hearing was conducted, and after considerable testimony the magistrate's judgment was affirmed. Gregory thereupon filed an appeal to this court.

The threshold question is whether Gregory was in fact entitled to the assistance of counsel at the arraignment. The sixth amendment to the United States Constitution provides in pertinent part:

In all criminal prosecutions, the accused shall enjoy the right . . . to have

the Assistance of Counsel for his defence.

Article 1, § 11, of the Alaska Constitution similarly provides for the right to the assistance of counsel.

■ In *Alexander v. City of Anchorage*[1] this court had the opportunity to define the scope of the right to counsel in Alaska under the state constitution. In that case we held that the accused shall have the right to be represented by counsel in any criminal prosecution. We reasoned that

this means that he has the right to the assistance of counsel for his defense if he is prosecuted for a misdemeanor, as well as for a felony, when the penalty upon conviction of the misdemeanor may result in incarceration in a jail or penal institution, the loss of a valuable license, or a fine so heavy as to indicate criminality.[2]

When convicted for violating AS 28.-35.030, the law prohibiting operation of a motor vehicle while intoxicated, a person may receive a fine of not more than $1,000 or a term of imprisonment for not more than one year, or both.

■ Therefore, under our holding in *Alexander,* Gregory's case was one in which the right to counsel was guaranteed him by the Alaska Constitution. The record reveals that Gregory pleaded guilty without the assistance of counsel; hence, unless he waived this "valuable right,"[3] his plea was invalid and the lower court erred in denying his motion to withdraw it.

Alaska Criminal Rule 39(b)(3) provides as follows with regard to indigent defendants:

In the absence of a request by a defendant, otherwise entitled to appointment of counsel, the court shall appoint counsel for him *unless he demonstrates that he understands the benefits of counsel and knowingly waives the same.* (Emphasis added)

■ It is Gregory's contention in this appeal that although he waived his right to counsel, the record of the arraignment clearly demonstrates that he lacked the requisite understanding of the benefits of counsel necessary for a valid waiver. The State, on the other hand, contends that the magistrate who conducted the arraignment was unusually situated to determine Gregory's capacity to understand the advantages of being represented by an attorney because she had known him for about ten years. It is also pointed out that Gregory had been in court on previous occasions and that the magistrate was aware of this fact when she dealt with him at the arraignment. It is the State's position, then, that this court should rely on the magistrate's testi-

---

1. 490 P.2d 910 (Alaska 1971).

2. *Id.* at 913.

3. In *Alexander v. City of Anchorage*, 490 P.2d 910, 913 (Alaska 1971) (footnotes omitted), quoting *Powell v. Alabama*, 287 U.S. 45, 68–69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (1932), we made the following observation:

To be assisted by counsel in a criminal action is not merely desirable. It is a valuable right. Nearly 40 years ago the United States Supreme Court, in speaking of this right as guaranteed by the sixth amendment to the federal constitution, had this to say:

The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.

Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

mony given at the superior court hearing that Gregory did in fact make an intelligent waiver of his right to counsel before he entered his plea of guilty. We hold in accordance with the clear language of Criminal Rule 39(b)(3) that a defendant who has not demonstrated that he understands the benefits of counsel cannot be said to have waived counsel.

Criminal Rule 39(b)(3) made it incumbent upon the presiding magistrate, by recorded colloquy with Gregory, to ascertain whether he understood the benefits of counsel; no amount of circumstantial evidence in this case, given the answers of this witness, that he may have been aware of what lawyers do and what a lawyer could do for him will suffice to stand in its stead. We consider it determinative, then, that the record is devoid of any indication that Gregory understood a lawyer's function and the advantages of legal representation in a criminal proceeding before the waiver was accepted.[4]

Reason and reflection compel us to recognize that in our complex system of justice, many people brought before the court are unfamiliar with even the most basic legal concepts. Gregory's confusion at the hearing before the superior court with respect to legal terminology, particularly the terms lawyer, attorney, and public defender, is indicative of this fact. We also recognize that the trial court is obligated to be certain that each citizen, when involved in a criminal matter, is aware of the various rights guaranteed him by the Alaska and United States Constitutions.[5] To insure that all defendants enjoy the right to counsel, it must be clear from the record that the person has been informed of the role of a defense attorney and the advantages of being represented by one in a criminal proceeding. Only after this information is placed before the accused can it be said that he has the capacity, in a legal sense, to make a knowledgeable waiver of his right to counsel under Rule 39(b)(3). Furthermore, after this information is presented to a defendant, an unequivocal statement by the person that he does not want counsel should not put an end to the matter.[6] The court can make

---

4. In this regard we note the Magistrate's Handbook provides the following instructions for informing defendants of their rights in misdemeanor cases:

> You have a right to have your attorney present at all stages of the criminal proceedings. If you cannot afford your own attorney, the court can appoint a public defender to you. Or, you may represent yourself without aid of counsel. *Do you know what an attorney can do for you? (Pause for answer and explain if answer is "No.") Would you like an attorney to represent you? (If "Yes," proceed according to Chapter 4 and determine if defendant can pay for his own or if he needs appointed counsel.)* You may remain silent—you do not have to make any statements.

At the arraignment the magistrate made the following comments:

> John, before we go any further, I am going to advise you of your rights at this time. You have a right to have your attorney present at all stages of this criminal proceeding. If you cannot pay for an attorney, the Court can appoint a Public Defender to represent you, or you may

represent yourself without aid of an attorney. You have a right to remain silent. You do not have to make any statements. It is apparent, then, that the magistrate was following the handbook but omitted the section dealing with whether Gregory understood the benefits of counsel.

5. The Anglo-American system of justice differs substantially from the traditional Indian, Eskimo and Aleut systems, which predated Western cultures by hundreds of years. The cultural difficulties experienced by many of the Alaska Natives as the contemporary Anglo-American institutions reach out to the bush communities require that the State legal system use extreme care in cases of this nature. Therefore, in those areas where a substantial portion of the population consists of Native Alaskans, we urge the administrative office of the court system to develop bilingual explanations of basic rights for those who appear in criminal proceedings so that all citizens are clearly aware of their constitutional rights.

6. *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948).

certain that a defendant's waiver of counsel is intelligently made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is made.[7] Thus, to be valid, such waiver must be made with:

> an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances of mitigation thereof, and all other facts essential to a broad understanding of the whole matter.[8]

While only a brief inquiry into a defendant's comprehension of the right will be necessary in many cases, we recognize that in extreme circumstances the person may be unable to make an intelligent choice because of his mental condition, age, education, experience, the complexity of the case, or other factors. When such a situation arises, it is the duty of the court, whether requested or not, to assign counsel for the accused as a necessary requisite of due process of law under the federal and state constitutions.[9]

In adopting this position, we do not intend to infringe on the constitutional right to self-representation which we enunciated in *McCracken v. State*.[10] However, we view our holding therein to be consistent with the foregoing standard with respect to waiver of counsel, for in *McCracken* we stated:

> The right [to self-representation] is not absolute. In order to prevent a perversion of the judicial process, the trial judge should first ascertain whether a prisoner is capable of presenting his allegations in a rational and coherent manner before allowing him to proceed *pro se*. Second, *the trial judge should satisfy himself that the prisoner understands precisely what he is giving up by declining the assistance of counsel*. Rule 39 (b)(3) provides that at the trial stage counsel should be appointed unless the defendant "demonstrates that he understands the benefits of counsel and knowingly waives the same." (Citations omitted) [11]

Rule 39(b)(3) was promulgated in light of the constitutional right to self-representation, not in spite of that right. It indicates to the bench the sort of basic inquiry upon which that right may be conditioned, not in derogation of that right, but rather with the purpose of insuring that an unknowing defendant's right does not become a burden.

As previously noted, Gregory was not informed of the benefits of legal representation before he waived the right to the assistance of counsel; therefore, the waiver was without legal consequence under Criminal Rule 39(b)(3).

Criminal Rule 32(d)(1) provides that:

> The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves

---

7. *Clark v. State*, 388 P.2d 816, 822 (Alaska 1964).

8. *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948).

9. The A.B.A. Standards, Providing Defense Services, § 7.2 (Approved Draft 1968), provides as follows:

   The accused's failure to request counsel or his announced intention to plead guilty should not of itself be construed to constitute a waiver. An accused should not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the accused's comprehension of that offer and his capacity to make the choice intelligently and understandingly has been made. No waiver should be found to have been made where it appears that the accused is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.

10. 518 P.2d 85 (Alaska 1974).

11. *Id.* at 91–92.

that withdrawal is necessary to correct manifest injustice.

.    .    .    .    .    .

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:

(aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule  .   .   . .

Since Gregory's waiver was invalid, he was denied the effective assistance of counsel and manifest injustice took place when the court accepted his plea of guilty to driving while intoxicated.   In light of the fact that this determination mandates a plea withdrawal, the superior court's ruling to the contrary is reversed.

This case is reversed and remanded for further proceedings in conformity with this opinion.