Leland Keith O'DELL, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 3763.

Supreme Court of Alaska.

March 24, 1978.

Wayne Anthony Ross, Anchorage, for appellant.

Allen M. Bailey, Municipal Pros. and Richard W. Garnett, III, Municipal Atty., Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

This appeal stems from a non-jury district court conviction following O'Dell's arrest for failure to give information at the scene of an accident.[1] O'Dell received a sentence of 30 days with 28 days suspended and a fine of $300. The superior court affirmed the conviction.

---

1. Anchorage Code of Ordinances (hereinafter referred to as "AO") 9.10.040(A) provides:

    A. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall, upon request and if available, exhibit his license or permit to drive to any person injured in such accident or to the driver or occupant of or other person attending any vehicle or other property damaged in such accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in such accident or who is investigating the accident and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

The relevant events occurred following a minor automobile accident in which Carrie Reeves' car was struck in the rear by a vehicle on Ingra near 8th Avenue in Anchorage. Reeves told the other driver her name and the name of her insurance company. The other driver gave his name as "Harold Richardson," and his insurer as "Sun Insurance." "Richardson" wrote down on a slip of paper the year of Reeves' automobile and the other information she had given him and handed it to her. Reeves wrote the name "Harold Richardson" and his license plate number on the paper.

Reeves saw "Richardson" shortly thereafter at Karluk and 6th Avenue; he was apparently performing a field sobriety test at the direction of a police officer. Later the same evening, when she learned that no Sun Insurance was listed in the telephone directory, she called the police. The same officer who had administered the field sobriety test to "Richardson" responded to her call. He recognized the license number from his earlier traffic stop and located O'Dell through information contained in the traffic citation.

O'Dell's primary claim of error in this appeal is that the district court failed to advise him of his right to counsel. Article I, section 11, of the Alaska Constitution and the sixth and fourteenth amendments to the United States Constitution guarantee an accused the right to assistance of counsel in criminal prosecutions against him. *Gregory v. State,* 550 P.2d 374 (Alaska 1976); *Alexander v. City of Anchorage,* 490 P.2d

910 (Alaska 1971); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In *Alexander v. City of Anchorage, supra* at 913, we explained:

This means that he has the right to the assistance of counsel for his defense if he is prosecuted for a misdemeanor, as well as for a felony, when the penalty upon conviction of the misdemeanor may result in incarceration in a jail or penal institution, the loss of a valuable license, or a fine so heavy so as to indicate criminality.

A conviction under AO 9.10.040(A) carries a maximum jail term of 30 days, and O'Dell, in fact, received a jail sentence. The municipal attorney concedes O'Dell's right to counsel in this proceeding. He maintains that O'Dell was informed of his right to counsel at his arraignment and that O'Dell had the right to appear without counsel under *McCracken v. State,* 518 P.2d 85 (Alaska 1974), and *Faretta v. California,* 442 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

At O'Dell's arraignment, the district court delivered a presentation of rights to all those defendants about to appear.[2] When O'Dell's case was reached, the following exchange occurred:

THE COURT: Do you understand the charge?

MR. O'DELL: Yes.

THE COURT: Okay. This carries a maximum penalty of up to a $300 fine and 30 days in jail. Do you understand that?

MR. O'DELL: [No audible response]

---

**2.** After the attorneys in the courtroom had completed their business, the district court called the first case, an OMVI involving Mike Alworth (phonetic spelling). After reading the charge, the arraignment judge discussed with Alworth his rights—advising him in part:

THE COURT: I'll advise you of the rights and procedures that we use in the court. Your rights will be the same as all the other people. . . . You all have the right to be represented by a lawyer in all proceedings before the court. If you don't have money—funds—to hire an attorney, the court will appoint the Public Defender to represent you. You don't have to be represented by an attorney; but if you want to be represented, the

point is you have that right whether you have money or not.

The record shows that four other defendants were individually arraigned before O'Dell's case was reached.

We note that the transcript from the district court arraignment is not before us. We have listened to a tape recording of the proceedings under the authority provided by Rule 9(h), Alaska Rules of Appellate Procedure. We take this opportunity to reiterate the duty of counsel to furnish this court with a record of "[a]ll matters essential to the decision of the questions presented by the appeal . . . ." Rule 9(d), Alaska R.App.P.

THE COURT: Okay. Do you understand all—that you have all the rights that I mentioned earlier to everybody?

MR. O'DELL: Yes.

THE COURT: All right. To the complaint, how do you wish to plead?

MR. O'DELL: Not guilty.

THE COURT: Okay. . . . Do you want a jury trial?

MR. O'DELL: [No audible response]

THE COURT: Do you plan to get an attorney?

MR. O'DELL: Just a matter of clipped bumpers was all it was—

THE COURT: What?

MR. O'DELL: I said it was just a matter of clipped bumpers was all it is—there was no accident.

THE COURT: Okay—uh—non-jury. All right . . . .

The exchange between the district court and O'Dell concluded with a discussion of bail.

Approximately two months later, O'Dell appeared in the district court for the trial of this matter.[3] Prior to the prosecution's opening statement, the district court judge asked O'Dell if he had any questions about trial proceedings.[4] When O'Dell responded negatively, the trial began.

**3.** The presiding judge at this trial was not the judge who conducted O'Dell's arraignment.

**4.** The record shows the following exchange between the trial judge and O'Dell:

THE COURT: City versus Leland O'Dell. Mr. O'Dell, come forward and have a seat, sir. Have a seat directly in front of me, would you please. Yes. I have a charge that indicates failure to give information at an accident . . . . Mr. O'Dell, this is the time set for trial. Are you prepared for trial? Is the city prepared in this matter?

MR. BAILEY: The prosecution i[s] ready, Your Honor.

THE COURT: All right. . . . [D]o you have any questions of the nature—Mr. O'Dell?

MR. O'DELL: No, I thought I had given him all the information he needed at the time. I stopped and I'd given him anything necessary. I . . . .

THE COURT: Do you have any questions about how . . . .

MR. O'DELL: [indiscernible] about it.

■ Although an accused does have the right to counsel[5] as well as the right of self-representation, our inquiry is not complete once we have found that O'Dell was advised of his right to counsel during the district court's en masse reading of the right of an accused which preceded his arraignment.[6] Before an accused can choose to represent himself in a criminal proceeding, he must first knowingly and intelligently waive his right to counsel. In *McCracken v. State,* 518 P.2d 85, 91 (Alaska 1974), we held that an accused has a constitutional right of self-representation. Regarding this right of self-representation and the need to avoid perverting the judicial process, our *McCracken* opinion said, in part:

[T]he trial judge should satisfy himself that the prisoner understands precisely what he is giving up by declining the assistance of counsel. Rule 39(b)(3) provides that, at the trial stage, counsel should be appointed unless the defendant 'demonstrates that he understands the benefits of counsel and knowingly waives the same.'[7]

■ Because the right of an accused to be represented by counsel is so fundamental, the trial court's inquiry into whether the accused was apprised of the benefits of

THE COURT: Do you have any questions about how we're going to proceed this afternoon?

MR. O'DELL: No.

THE COURT: Okay. Let's proceed.

**5.** Rule 39, Alaska Rules of Criminal Procedure, provides:

*Appointment of Counsel.*

(a) *Informing Defendant of Right to Counsel.* If the defendant appears for arraignment or trial without counsel, the court shall advise him of his right to have counsel, and shall ask him if he desires the aid of counsel. Subsection (b) of this rule provides for the appointment of counsel for persons financially unable to employ counsel. *See generally Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530 (1972); *Alexander v. City of Anchorage,* 490 P.2d 910 (Alaska 1971).

**6.** *See* note 2 *supra.*

**7.** *McCracken v. State,* 518 P.2d 85, 91–92 (Alaska 1974) (footnote omitted).

legal representation and whether he intelligently, competently, understandingly and freely waived such benefits should appear affirmatively on the record. *Gregory v. State,* 550 P.2d 374, 379 (Alaska 1976); *Faretta v. California,* 442 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, 582 (1975).

■ The record before the arraignment judge, as well as the trial judge, fails to reflect a clear waiver by O'Dell of the right to legal representation. Neither in his appearance before the arraignment judge nor at the outset of his trial two months later before another district court judge does the record show that O'Dell understood what he was giving up by declining the assistance of counsel. The standards for waiving assistance of counsel required by *McCracken v. State,* 518 P.2d 85, 91–92 (Alaska 1974), were not met.

It is clear from the record that the arraignment court did advise O'Dell that he had the right to the assistance of counsel and that the court would appoint the public defender to represent him if he could not afford to hire counsel. What the record totally fails to demonstrate is that O'Dell appreciated what he was giving up by declining the assistance of counsel. In short, the record fails to demonstrate a knowing and intelligent waiver by O'Dell of the right to the assistance of counsel. When questioned by the arraignment judge as to whether or not he planned to obtain the services of an attorney, O'Dell's total response was to the effect that it "was just a matter of clipped bumpers was all it is— there was no accident."

■ O'Dell's equivocal response to the district court's inquiry as to whether he planned to retain an attorney is not equata- ble with a knowing and intelligent waiver of counsel under the standards adopted in *McCracken v. State,* 518 P.2d 85 (Alaska 1974). Although this offense was a minor infraction, the right to counsel still attaches [8] and the record must reflect a clear waiver of that right.[9] The record is simply devoid of an inquiry into O'Dell's comprehension of the benefits of counsel. Once it appears that an accused intends to waive the right to the assistance of counsel, the trial court must take the additional steps required by *McCracken* to determine that the accused fully understands the right he is relinquishing. The degree of inquiry necessary should be tailored to the particular characteristics of the accused, such as his lack of education or language disability, and to the complexities of the legal issues raised by the charge against him.[10] In many cases, this duty will be minimal. For instance, traffic misdemeanor cases are usually readily understood by lay persons and the consequences of a finding of guilt are typically not severe. The responsibility of the arraignment judge here would have been satisfied by an additional sentence or two clarifying O'Dell's answer and assuring an intelligent waiver.

Reversed and remanded to the superior court with directions to remand to the district court with further directions to set aside O'Dell's conviction and order a new trial.[11]

BURKE, Justice, with whom MATTHEWS, Justice, joins, dissenting.

I dissent from that portion of the majority opinion holding that a reversal is required because O'Dell was denied the assistance of counsel. Although there was not a lengthy discussion of the matter, O'Dell,

---

**8.** *Alexander v. City of Anchorage,* 490 P.2d 910 (Alaska 1971).

**9.** *Gregory v. State,* 550 P.2d 374, 379 (Alaska 1976); *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, 582 (1975); *Carnley v. Cochran,* 369 U.S. 506, 514–15, 82 S.Ct. 884, 8 L.Ed.2d 70, 76–77 (1962).

**10.** *See Gregory v. State,* 550 P.2d 374 (Alaska 1976), in which cultural and language barriers hindered the accused's ability to understand his rights.

**11.** Our disposition of the waiver of right to counsel issue has made it unnecessary for this court to address O'Dell's further claims that the trial was conducted in such a manner as to deny him due process of law and that the district court's sentencing procedures were flawed.

along with all other defendants, was clearly advised of his various rights at the time of his arraignment. Included was the advice that he was entitled to counsel and that, if unable to afford an attorney, the Public Defender would be appointed to represent him. Later, when asked individually if he understood those rights, he stated: "Yes." Unlike *Gregory v. State*, 550 P.2d 374 (Alaska 1976), where the record demonstrated obvious confusion on the part of the defendant concerning his rights, due to a severe language barrier there is simply no indication here that O'Dell was not fully aware of what he was doing. Absent some real indication that O'Dell failed to understand his rights, I see no reason to set aside his conviction. He said that he understood those rights. I would take him at his word.[1]

O'Dell's reply, when asked if he wanted an attorney, to the effect that the case only involved a "matter of clipped bumpers," only indicates to me that at that time he considered the matter to be too trivial to require the assistance of counsel.

---

[1]. Significant also, is the fact that O'Dell was accused of a relatively minor infraction of the law. Thus, it is my belief that it was unnecessary to make the same probing inquiry that might be required if the defendant had been accused of a more serious offense. The issues in traffic misdemeanor cases are usually readily understood by lay persons and the consequences of a finding of guilt are typically not particularly serious.