**David G. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4367.**

Supreme Court of Alaska.

Sept. 26, 1980.

Deborah A. Paquette, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

William L. Mackey, Dist. Atty., Kodiak, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

---

Before RABINOWITZ, C. J., and CON-
NOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

David Williams was convicted in the dis-
trict court, at Kodiak, of the misdemeanor
offense of operating a motor vehicle while
under the influence of intoxicating liquor.[1]
His conviction followed a non–jury trial in
which he was not represented by counsel.
Previously, at the time of his arraignment,
Williams had stated that he waived his con-
stitutional right to counsel and to a jury
trial.[2]  On appeal to the superior court Wil-
liams, there represented by counsel, claimed
that such waiver was not knowledgeable
and hence ineffective.  The superior court,
rejecting this claim, affirmed the convic-
tion.  The present appeal followed.

Williams was arrested on February 6,
1978, following a single–vehicle accident in-
volving his truck.  He was arraigned the
following day.  Several defendants were ar-
raigned at once, and the arraigning judge
began with a statement to the group.  He
informed them, among other things, of
their right to counsel, to a jury trial, to
confront and cross–examine adverse wit-
nesses, to call witnesses, to testify on their
own behalf or remain silent, and to put the
prosecution to its burden of proof.  There-
after, during Williams' individual arraign-
ment, the following colloquy occurred:

> THE COURT: Mr. Williams, do you
> wish to be represented by an attorney in
> this matter?
>
> MR. WILLIAMS: No, sir.
>
> THE COURT: You understand what
> an attorney could do for you if you were
> represented by one?
>
> MR. WILLIAMS: Yes, sir.
>
> THE COURT: And you understand
> with what you're charged? [sic]
>
> MR. WILLIAMS: Yes, I am.  [sic]
>
> THE COURT: Are you prepared to
> enter a plea to the charge of operating a

motor vehicle while under the influence
of intoxicating liquor?

> MR. WILLIAMS: Yes, sir.
>
> THE COURT: And what is your plea?
>
> MR. WILLIAMS: Not guilty.
>
> THE COURT: All right.  Do you wish
> a court trial or a jury trial?
>
> MR. WILLIAMS: A court trial.
>
> THE COURT: All right.  You under-
> stand that you're giving up a constitu-
> tional right which is guaranteed by waiv-
> ing a jury?
>
> MR. WILLIAMS: I guess.
>
> THE COURT: Okay.  Are you going
> to represent yourself at trial?
>
> MR. WILLIAMS: Sure.

Williams' trial took place on May 11.  At
the commencement Judge Madsen again
questioned Williams about his decision to
represent himself and to waive a jury trial:

> THE COURT: You are going to be
> representing yourself in this matter?
>
> MR. WILLIAMS: Yes, sir.
>
> THE COURT: And you have been ad-
> vised that you have a right to be repre-
> sented by an attorney?
>
> MR. WILLIAMS: No, I don't think so.
>
> THE COURT: You have been advised
> have you not, Mr. Williams?
>
> MR. WILLIAMS: Pardon me?
>
> THE COURT: You have been advised
> that you have a right to be represented
> by an attorney, have you not?
>
> MR. WILLIAMS: Right.
>
> THE COURT: And you have  .  .  .
>
> MR. WILLIAMS: I didn't have the
> money for one.
>
> THE COURT: Well, have you been
> advised that you have a right–and that if
> you cannot afford the service of an attor-
> ney the court would appoint the public
> defender to represent you?
>
> MR. WILLIAMS: Yes, sir.
>
> THE COURT: And you have still elect-
> ed to represent yourself?
>
> MR. WILLIAMS: Right.

---

1. AS 28.35.030.

2. U.S.Const., amend. VI;  Alaska Const., art. I,
§ 11.

THE COURT: And you were also advised that you have a right to a jury trial and it's my understanding that we had a jury called for this trial but you indicated to the court that you were willing to waive your right to a jury trial.

MR. WILLIAMS: Yes, sir. Well, I–to begin with I didn't ask for a jury trial.

THE COURT: All right. As long as you understand you have a right to have a jury hear this matter.

MR. WILLIAMS: Right.

Williams was subsequently convicted.

Rule 39(b)(3), Alaska R.Crim.P., provides:

In the absence of a request by a defendant, otherwise entitled to appointment of counsel, the court shall appoint counsel for him unless he demonstrates that he understands the benefits of counsel and knowingly waives the same.

The facts of this case are remarkably like those in *O'Dell v. Municipality of Anchorage*, 576 P.2d 104 (Alaska 1978). O'Dell had been convicted of failing to give information at the scene of an accident, in violation of an Anchorage municipal ordinance. At his arraignment, those defendants present were advised, *en masse*, of the same rights as was Williams here. When O'Dell was later addressed personally, the following exchange occurred:

THE COURT: Okay. Do you understand all–that you have all the rights that I mentioned earlier to everybody?

MR. O'DELL: Yes.

THE COURT: All right. To the complaint, how do you wish to plead?

MR. O'DELL: Not guilty.

THE COURT: Okay. . . . Do you want a jury trial?

MR. O'DELL: [no audible response]

THE COURT: Do you plan to get an attorney?

MR. O'DELL: Just a matter of clipped bumpers was all it was–

THE COURT: What?

MR. O'DELL: I said it was just a matter of clipped bumpers was all it is–there was no accident.

THE COURT: Okay–uh–non–jury. All right . . . .

576 P.2d at 107. We held that:

[T]he record before the arraignment judge, as well as the trial judge, fails to reflect a clear waiver by O'Dell of the right to legal representation. Neither in his appearance before the arraignment judge nor at the outset of his trial two months later before another district court judge does the record show that O'Dell understood what he was giving up by declining the assistance of counsel. The standards for waiving assistance of counsel required by *McCracken v. State*, 518 P.2d 85, 91–92 (Alaska 1974), were not met.

*Id.* at 108.

Unlike *O'Dell* we believe that the record in the case at bar adequately demonstrates that Williams understood what he was giving up by choosing to forego counsel and to waive his right to a jury trial. We recognized in *O'Dell* that for minor offenses an extensive inquiry regarding the defendant's understanding of the advantages of counsel would not be necessary:

The degree of inquiry necessary should be tailored to the particular characteristics of the accused, such as his lack of education or language disability, and to the complexities of the legal issues raised by the charge against him. In many cases, this duty will be minimal. For instance, traffic misdemeanor cases are usually readily understood by lay persons and the consequences of a finding of guilt are typically not severe. The responsibility of the arraignment judge here would have been satisfied by an additional sentence or two clarifying O'Dell's answer and assuring an intelligent waiver.

576 P.2d at 108 (footnote omitted).

The conviction is AFFIRMED.

RABINOWITZ, Chief Justice, dissenting.

I dissent from the court's conclusion that Williams made a knowing waiver of his right to the assistance of counsel. For, in my view, the inquiry by the superior court as to the benefits of counsel was inadequate

and thus cannot sustain a finding of knowing waiver.

In *Swensen v. Municipality of Anchorage*, 616 P.2d 874 (Alaska, 1980), we held that Swensen had not waived his right to counsel in the circumstance where he was given no explanation of the benefits of counsel; nor was there any questioning of whether Swensen understood the benefits of the assistance of counsel. The sole distinction between the case at bar and the *Swensen* case is that Williams was asked if he knew what an attorney could do and said yes. This does not comport with the procedures this court articulated in *O'Dell v. Municipality of Anchorage*, 576 P.2d 104, 107–08 (Alaska, 1978). In that case, we stated that in certain cases, such as traffic offenses, the inquiry as to the benefits of counsel could be minimal. Williams was accused of operating a motor vehicle while under the influence of intoxicating liquor in violation of AS 28.35.030. Although only a traffic offense and a misdemeanor, this is certainly one of the most serious of traffic offenses. Conviction results in revocation of the offender's driver's license. A first conviction carries a mandatory three days of consecutive imprisonment and subsequent convictions carry a mandatory ten–day term.[1] A fine of $1,000 and imprisonment for up to a year can be imposed. This is not the type of offense as to which sufficient inquiry is met through merely asking the accused if he knows what a lawyer can do. Further inquiry is necessary so that one accused of a crime of such a serious nature and carrying such substantial potential penalties can make a reasoned decision as to whether he wishes to avail himself of the services of an attorney.[2] Since this further inquiry is lacking here, I would hold that Williams did not knowingly waive his constitutional right to assistance of counsel, and thus conclude that his conviction should be reversed and the matter remanded for trial.

---

1. AS 28.35.030(a) provides:

   A person who, while under the influence of intoxicating liquor, depressant, hallucinogenic or stimulant drugs or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.-150(3) operates or drives an automobile, motorcycle or other motor vehicle in the state, upon conviction, is punishable by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both and the court shall impose a minimum sentence of imprisonment of not less than three consecutive days. Upon a subsequent conviction within five years after a conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than 10 consecutive days. The execution of sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served, nor may imposition of sentence be suspended, except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this section, nor may the punishment provided for in this section be reduced under AS 11.05.150. In addition, his operator's license shall be revoked in accordance with AS 28.15.210(c). In addition, a person convicted under this statute shall undertake, for a term specified by the court, that program of alcohol education or rehabilitation which the court, after consideration of any information compiled under (b) of this section, finds appropriate.

2. See the detailed inquiry set forth in the Alaska Court System's 1980 Magistrate's misdemeanor arraignment checklist. *Swensen v. Municipality of Anchorage*, 616 P.2d 874, 878–879 n.5 (Alaska, 1980). Such careful inquiry will serve to guarantee in most cases that any waiver of the right to counsel is made knowingly.