Clayton PETRANOVICH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–970.

Court of Appeals of Alaska.

Nov. 29, 1985.

Robert D. Lewis, Kay, Christie, Saville & Coffey, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Palmer, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

On October 12, 1975, Clayton Petranovich was arraigned on charges of operating a motor vehicle while intoxicated, former AS 28.35.030. Petranovich pled guilty, and was sentenced immediately.

On January 30, 1985, Petranovich filed a "motion to set aside prior judgment" pursuant to Criminal Rule 11(h). (Petranovich was apparently charged with driving while intoxicated in 1984, and wished to avoid consideration of the 1975 conviction at his sentencing on the 1984 offense. *See* AS 28.35.030(c). He argued that while he was informed by the magistrate taking his plea in 1975 that he had the right to an attorney, he was not informed "what an attorney could do for him." *See Swensen v. Anchorage,* 616 P.2d 874, 877 (Alaska 1980).

The state opposed the motion on the grounds that it was untimely. Magistrate Steven Green denied the motion. Petranovich moved for clarification as to whether the motion was denied on timeliness grounds, and for reconsideration if this was the basis for the denial. The magistrate's order on reconsideration stated that the motion was denied as untimely. How-

ever, the order went on to say that the court had "grave doubts" that the 1975 conviction could be considered at sentencing on the new offense. The order stated:

Clearly, the advisement of his waiver of the right to counsel does not suffice [sic] the requirements of *Swensen*. The issue of consideration of this prior conviction, however, is left to the sentencing judge in the Defendant's 1984 case.

Petranovich appeals from this order.

## DISCUSSION

Alaska Rule of Criminal Procedure 11(h) provides, in relevant part:

(1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.

(i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever it is demonstrated that:

(aa) the defendant was denied the effective assistance of counsel guaranteed by constitution, statute or rule. . . .

Criminal Rule 39(a) provides:

If the defendant appears for arraignment or trial without counsel, the court shall advise him of his right to have counsel, and shall ask him if he desires the aid of counsel.

Criminal Rule 39(b)(1) provides for appointment of counsel at public expense if the defendant is indigent and desires counsel. Criminal Rule 39(b)(3) provides:

In the absence of a request by a defendant, otherwise entitled to appointment of counsel, the court shall appoint counsel for him unless he demonstrates that he understands the benefits of counsel and knowingly waives the same.

In *Gregory v. State*, 550 P.2d 374 (Alaska 1976), the supreme court held that, under the facts of that case, it was error to refuse to allow a defendant who claimed he did not make a knowing waiver of counsel to withdraw his plea. Gregory was arraigned by a magistrate using both English and Yupik to inform him of his rights. *Id.* at 377. He pled guilty and was immediately sentenced. After concluding that Gregory was entitled to counsel at this proceeding, the court held "in accordance with the clear language of Criminal Rule 39(b)(3) that a defendant who has not demonstrated that he understands the benefits of counsel cannot be said to have waived counsel." 550 P.2d at 379.

Criminal Rule 39(b)(3) made it incumbent upon the presiding magistrate, by recorded colloquy with Gregory, to ascertain whether he understood the benefits of counsel; no amount of circumstantial evidence in this case, given the answers of this witness, that he may have been aware of what lawyers do and what a lawyer could do for him will suffice to stand in its stead. We consider it determinative, then, that the record is devoid of any indication that Gregory understood a lawyer's function and the advantages of legal representation in a criminal proceeding before the waiver was accepted.

Reason and reflection compel us to recognize that in our complex system of justice, many people brought before the court are unfamiliar with even the most basic legal concepts. Gregory's confusion at the hearing before the superior court with respect to legal terminology, particularly the terms lawyer, attorney, and public defender, is indicative of this fact. We also recognize that the trial court is obligated to be certain that each citizen, when involved in a criminal matter, is aware of the various rights guaranteed him by the Alaska and United States Constitutions. *To insure that all defendants enjoy the right to counsel, it must be clear from the record that the person has been informed of the role of a defense attorney and the advantages of being represented by one in a criminal proceeding.* Only after this information is placed before the accused can it

be said that he has the capacity, in a legal sense, to make a knowledgeable waiver of his right to counsel under Rule 39(b)(3). Furthermore, after this information is presented to a defendant, an unequivocal statement by the person that he does not want counsel should not put an end to the matter. The court can make certain that a defendant's waiver of counsel is intelligently made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is made.

\*　　\*　　\*　　\*　　\*　　\*

While only a brief inquiry into a defendant's comprehension of the right will be necessary in many cases, we recognize that in extreme circumstances the person may be unable to make an intelligent choice because of his mental condition, age, education, experience, the complexity of the case, or other factors. When such a situation arises, it is the duty of the court, whether requested or not, to assign counsel for the accused as a necessary requisite of due process of law under the federal and state constitutions.

*Id.* at 379–80 (footnotes omitted) (emphasis added). The court went on to conclude that, "since Gregory's waiver of counsel was invalid, he was denied the effective assistance of counsel and manifest injustice took place when the court accepted his plea of guilty to driving while intoxicated." *Id.* at 381. The "manifest injustice" language was from former Criminal Rule 32(d)(1), which was identical to Criminal Rule 11(h)(1).

■ In *Swensen*, 616 P.2d at 877, the court held that Criminal Rule 39(a) must be interpreted consistently with Criminal Rule 39(b)(3), so that "the advice given to a non-indigent defendant concerning the right to counsel must also include at least a brief explanation of the 'benefits of counsel.'" Swensen moved to withdraw his

plea pursuant to Criminal Rule 11 some two years and four months after it had been entered. The district court ruled that the motion was untimely; Swensen appealed, and the superior court held that the motion was timely but failed on its merits. The supreme court ruled that its decision in *Lewis v. State*, 565 P.2d 846, 850–51 (Alaska 1977), that a person moving for relief under Criminal Rule 32(d) and under Criminal Rule 35(b) need not show that the motion has been made with "due diligence" as required by Criminal Rule 32(d)(1)(i), controlled Swensen's case on the issue of timeliness. On the merits, the court found that *Gregory* controlled:

> Since the record indicates that Swensen was told only of his right to counsel, with no further explanation of that right, we must conclude that his subsequent waiver was not knowing and effective.

616 P.2d at 878.[1]

The court also found that Swensen was not adequately apprised of his right to a jury trial. While the court recognized that Swensen should be allowed to withdraw his plea only if manifest injustice would otherwise result, and that this determination must be done on a case-by-case basis, *Lewis v. State*, 565 P.2d at 851, the two errors in Swensen's case established manifest injustice.

In Petranovich's case, the magistrate concluded that the motion was not "timely" within the meaning of Criminal Rule 11. His order stated that *Swensen* could be distinguished on the grounds that Swensen moved for relief under Rule 35 as well as Rule 11, while Petranovich relied solely on Rule 11. Yet the magistrate went on to imply that the 1975 conviction could probably not be considered for purposes of mandating sentencing, based on *Swensen.*

On appeal, the state concedes that the motion was timely, but argues that it should have failed on the merits.

---

**1.** The court distinguished *Williams v. State*, 616 P.2d 881 (Alaska 1980), where the defendant responded affirmatively when asked if he understood what an attorney could do. The court

stated: "Even such a minimal inquiry did not occur in this case." 616 P.2d at 878 (footnote omitted).

We believe the state's concession on timeliness is well-founded. There is nothing in *Swensen* to support the magistrate's conclusion that the defendant there relied on Criminal Rule 35 as well as Criminal Rule 11. *See Swensen,* 616 P.2d at 876. Even if this were the case, the court's reasoning in the *Lewis* case (for its conclusion that the "due diligence" requirement is not applicable in this situation) is equally relevant to Petranovich's case. *See Lewis,* 565 P.2d at 850–51.

■ Because the magistrate apparently concluded that Petranovich's claim had merit, and because we independently conclude that the claim has merit, Petranovich should have been allowed to withdraw his plea. Both Petranovich and Swensen were arraigned as part of a "group arraignment;" in Petranovich's case, as in Swensen's, not even a "minimal inquiry" was made as to whether the accused understood what an attorney could do. *Swensen,* 616 P.2d at 878. While it is true that there were two distinct errors of constitutional dimension made when Swensen's plea was taken, there is nothing in *Swensen* to indicate the result would have been any different if only the Rule 39 error had been made. *See also Gregory v. State,* 550 P.2d at 381 (since waiver was invalid, manifest injustice occurred).[2]

The decision of the magistrate is REVERSED.

---

2. Cf. *Bratcher v. State,* 681 P.2d 358, 361 (Alaska App.1984), and *Fulton v. State,* 630 P.2d 1004, 1006 (Alaska App.1981) (violation of express requirements of Criminal Rule 11(c) and (d) does not automatically entitle the accused to withdraw his plea). We note that this case, like *Swensen* and *Gregory,* involved a violation of Criminal Rule 39, and involved a denial of effective assistance of counsel.