Wayne TOBUK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1735.

Court of Appeals of Alaska.

Feb. 20, 1987.

[Emphasis added.]

---

H. Conner Thomas, Larson, Timbers & Van Winkle, Inc., Nome, for appellant.

John R. Vacek, Dist. Atty., Nome, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

On September 2, 1986, Wayne Tobuk filed a motion to set aside a prior judgment. Alaska R.Crim.P. 35(c). He sought to withdraw a guilty plea he had entered, approximately two years earlier, to a charge of driving while under the influence of alcohol (DWI). See AS 28.35.030(a)(1). The motion was based on the contention that Tobuk's guilty plea was accepted under procedures which failed to comport with Alaska Criminal Rule 39. See Alaska R.Crim.P. 39(b) (trial court must assure itself that defendant understands benefits of counsel and knowingly waives same). The trial court heard argument and denied the request to set aside the prior plea. Tobuk appeals, and we affirm.

On Saturday, September 1, 1984, Wayne Tobuk was arraigned by a magistrate in the district court in Nome under a charge of DWI. The trial court indicated that three individuals would be simultaneously arraigned for that offense and that it would advise all three of their rights, collectively, but that if any of the defendants had questions, they should bring them up when they were personally addressed.

The trial court carefully explained, in lay terms, each defendant's right to remain silent, his right to an attorney, his right to the presumption of innocence, the state's burden of proof, his right to trial (either a jury trial or a bench trial) his right to have a district court judge preside, and his right to peremptorily challenge an unfavored judge. Additionally, each defendant was told of his right to confront and cross-examine the witnesses against him, to be present at all relevant times, to call witnesses on his own behalf and to testify, if he wished to, but that no adverse inference could be drawn from a failure to testify or offer witnesses. Finally, each defendant was informed that he would not necessarily be kept in custody if he pled not guilty, and that each defendant had a right to be released on his own recognizance unless the court could find that he was likely to flee or become a danger to the community.

At this point, the trial court personally addressed Wayne Tobuk. The court assured itself that Tobuk's name and date of birth were properly set out in the complaint, and read the complaint to Tobuk.[1] The magistrate explained to Tobuk, in lay terms, what the state would have to prove in order to convict him and asked if Tobuk understood. Tobuk indicated he did. The magistrate then explained that a violation of AS 28.35.030 constituted a class A misdemeanor with a maximum sentence of one-year imprisonment or a $5,000 fine, and that, in addition, the legislature had specified certain minimum penalties, including seventy-two consecutive hours of imprison-

---

1. The complaint provided in relevant part:

This complaint is based on your complainants [Sgt. Michael Murphy's] review of the written report of the arresting officer, Officer Lincoln, who states: (1) [h]e observed a vehicle operated by the defendant make a right-hand turn from Moore Way to Third, and in doing so cross the center of Third Avenue, and nearly strike a telephone pole in the oncoming traffic lane; (2) [t]hat upon contacting the defendant, he noted the strong odor of an intoxicating beverage emanating from his breath, and that his speech was thick and slurred; (3) that the defendant failed to satisfactorily complete six field sobriety tests administered at the scene and at the Nome Police Department; (4) that a[n] Alco-Sensor field breath test was administered at the Nome Police Department, the results of which indicated that the defendant had a .28 grams of alcohol per 210 liters of his b[r]eath. Finally based on the statement of the defendant that he had several beers to drink before driving.

ment, a $250 fine, a ninety-day revocation of license and alcohol screening.

The magistrate then asked Tobuk if he remembered the rights that had previously been explained to him, and Tobuk answered, "yes." The magistrate asked if Tobuk had any questions about these rights, and Tobuk responded, "no." The magistrate reiterated that one of the rights is the right to a lawyer, and asked Tobuk if he wanted to talk to a lawyer; Tobuk indicated he did not. The magistrate asked if Tobuk understood what a lawyer is, he responded, "yes." The magistrate then found that the defendant waived his right to a lawyer.

The magistrate explained, in some detail, the types of pleas that Tobuk could enter and asked Tobuk if he understood those pleas; he answered, "yes." The magistrate asked Tobuk how he wished to plead and Tobuk responded, "guilty." After assuring himself that Tobuk was not under the influence of any drug, alcohol, or medication that affected Tobuk's judgment, and that no force or duress had been applied to coerce a plea, and that a plea of guilty was Tobuk's own judgment, the magistrate found Tobuk guilty. After hearing allocution from Tobuk, the magistrate imposed sentence.

The parties recognize the thin line that separates *Williams v. State*, 616 P.2d 881 (Alaska 1980) and *Swensen v. Anchorage*, 616 P.2d 874 (Alaska 1980). Tobuk argues his case is analogous to *Swensen* and the state argues that the case is more like *Williams*. After carefully considering the record and the arguments of the parties, we are satisfied that *Williams* is controlling.

The charges were relatively simple. The magistrate carefully instructed Tobuk of his rights, as specified in Alaska Criminal Rules 5(c) and 11. In particular, the magistrate carefully advised Tobuk of the maximum and minimum penalties prescribed for

his offense, before asking that Tobuk demand or waive counsel. In light of these facts, we believe that Tobuk's response to the question: "Do you know what a lawyer is," coupled with his express waiver of counsel, satisfies the requirement of Alaska Criminal Rule 39(b). *See Williams*, 616 P.2d at 882–83. We stress that this is not a case in which the defendant contends that he was in any sense incompetent to waive legal rights, *see, e.g., Clark v. State*, 388 P.2d 816 (Alaska 1964). Tobuk does not assert that he had any difficulty understanding the English language. *See Gregory v. State*, 550 P.2d 374 (Alaska 1976). Nor was he confused about the facts of his case and the importance of retaining counsel. *See O'Dell v. Anchorage*, 576 P.2d 104 (Alaska 1978).

We recognize that the supreme court has suggested that a magistrate should not accept a waiver of attorney without complying with the 1980 Alaska Magistrate's Check List for Misdemeanor Arraignments. *See, e.g., Swensen*, 616 P.2d at 878 n. 5. We note that outlining the benefits of counsel is most important "if the court has any doubts that the accused knows the benefits to be provided by an attorney." *Id.* In the instant case, the record supports the conclusion that the magistrate had no reason to question Tobuk's appreciation for what he was giving up by waiving his right to counsel.

Consequently, the supreme court would accept the comment by established experts in the field that the critical issue, "is what the defendant understood-not what the court said." 2 W.R. LaFave and J.H. Israel, *Criminal Procedure* § 11.3(b) at 32 (1984). Given the extensive reading of rights, the compliance with Alaska Criminal Rules 5(c) and 11, and the simplicity of the charges at the prior proceeding, we are satisfied that the trial court did not err in refusing to set aside Tobuk's plea.[2] The

2. *James v. State*, 730 P.2d 811, (Alaska App. 1987) is consistent with the result we reach in this case. Tobuk pled guilty after full compliance with Alaska Criminal Rules 5(c) and 11. In contrast, James undertook the much heavier

burden of representing himself at trial. Tobuk pled to a misdemeanor having relatively simple facts, while James faced trial of a serious felony with complicated evidentiary issues, including the cross-examination of child witnesses.

judgment of the district court is AF-FIRMED.