**Chester J. SEVERSON, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A-3185.

Court of Appeals of Alaska.

July 27, 1990.

Michael J. Keenan, Anchorage, for appellant.

Michael R. Stahl, Asst. Mun. Prosecutor, and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Chester J. Severson, through counsel, pled no contest and was convicted of one count of driving while intoxicated on April 29, 1982. Anchorage Municipal Code (AMC) § 09.28.020(A). Approximately seven years later Severson moved to withdraw his plea, pursuant to Alaska Rule of Criminal Procedure 11, arguing that the trial court failed to substantially comply with the requirements of that rule in taking Severson's no contest plea. Specifically, Severson argued that the trial court did not personally address him to determine if he understood the nature of the charge, did not inform him that by pleading guilty he would waive his right to trial by court or by jury and that he would be waiving his right to confront the witnesses against him, did not inform him of the mandatory minimum punishment, and failed to inform him of the maximum possible punishment. Severson did not allege or attempt to prove that his counsel failed to advise him of his rights, or that he did not knowingly, intelligently and voluntarily enter into the plea and sentence agreement pursuant to which he was sentenced. He did not contend that the municipality breached the plea agreement. District Court Judge John D. Mason concluded that there was not substantial compliance with the rule, but that Severson had waited too long to bring his motion to withdraw his plea. He denied the motion and Severson appeals.

■ Severson contends that the trial court ignored controlling decisions of this court and the Alaska Supreme Court, specifically *Swensen v. Anchorage,* 616 P.2d 874, 877 (Alaska 1980); *Lewis v. State,* 565 P.2d 846, 850–51 (Alaska 1977); and *Petranovich v. State,* 709 P.2d 867, 869 (Alaska App.1985). In those cases, the appellate courts concluded that a person moving to

withdraw a guilty plea need not show that the motion was made with due diligence. We agree with Severson that the trial court has no authority to impose a due diligence requirement on a motion to withdraw plea, pursuant to Criminal Rule 11, where the motion is predicated on the contention that the trial court did not comply with the provisions of that rule.

██ We nevertheless affirm the trial court's decision on other grounds. In our view, as a matter of law, Severson is not entitled to relief.[1] Alaska Rule of Criminal Procedure 38(c)(2) provides:

> *Presence Not Required.* A defendant need not be present in the following situations:
>
> . . . .
>
> (2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence. . . .

In this case, Severson was represented by an attorney at all significant times. He filed a written consent for proceedings to take place in his absence, pursuant to Criminal Rule 38(c)(2). The parties reached a plea and sentence agreement, specifying a particular sentence. Severson does not contend that his plea was coerced or that the sentence imposed violated that agreement, nor does he contend that he did not understand the nature of the charge, driving while intoxicated, or the various applicable penalties.

Given the fact that Severson was represented by counsel, and agreed to a plea and sentencing agreement, he was obligated to affirmatively allege and prove that counsel had materially misled him or that the plea was for some reason involuntary in order to establish a *prima facie* case for plea withdrawal. Where a person enters a plea on the advice of counsel and is sentenced pursuant to a plea and sentence agreement, he may not withdraw his plea merely because the trial court failed to give the warnings and make the inquiries specified in Criminal Rule 11. *See Fulton v. State,* 630 P.2d 1004 (Alaska App.1981) (where defendant alleged both a failure to substantially comply with Criminal Rule 11 and inaccurate and misleading advice from his attorney and neither claim was disputed by the state). Under the circumstances, the showing he made in support of his motion to withdraw his plea is insufficient as a matter of law. *Lewis,* 565 P.2d at 851–53.

The judgment of the district court is AFFIRMED.

---

1. In *Swensen* and *Petranovich* the defendants entered pleas without the aid of counsel. In *Lewis,* Lewis was assisted by counsel and was sentenced pursuant to a plea and sentence agreement. Lewis was not permitted to withdraw his plea.